IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEFFREY CURTIS,** *et al.,*

   Plaintiffs,

  vs.              Civil Action 2:13-cv-453
                    Judge Smith
                    Magistrate Judge King

**MARQUETTE EXPLORATION, LLC,** *et al.,*

   Defendants.

<u>OPINION AND ORDER</u>

  Plaintiffs seek a declaration that defendants' interest in an oil and gas lease signed by them and Solid Rock Energy, Inc. has been forfeited and that the lease has terminated. This matter is now before the Court on plaintiffs' *Motion to Compel Discovery*, Doc. No. 17 ("*Motion to Compel*"), which seeks an order directing the production of a single document pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure.

**I. BACKGROUND**

  Plaintiffs represent that the deposition of Ivy Phillips, the corporate designee of defendant Hess Ohio Resources, LLC ("Hess"), was taken on October 22, 2013. *Motion to Compel*, p. 2. Prior to this deposition, Hess produced "a number of documents[.]" *Id*. Plaintiffs' counsel asked Phillips during the deposition for a complete copy of a previously produced email dated September 27, 2011, from which Hess redacted "a significant portion[.]" *Id*. (citing attached document,

Doc. No. 17-1, p. 3, which is marked as deposition exhibit number 14 with bates stamp number HOR000137) ("the email"). The email, sent by Brent Riggle and addressed to the deponent and other individuals, contains the subject "Mike Derosa- Lessor" and states as follows:

> Will someone give Dr. Derosa a call at his office 740-695-5400?  We have about 600 acres leased of his, most of it through the Solid Rock leases Marquette acquired.  I believe maybe 200 acres are in the Porterfield 1h-17 Gas Unit A.  He has some questions about his lease.  He asked if he could speak with someone directly with Hess.
>
> He said his neighbor, Jeff Curtis, met with an Attorney from Hess yesterday and talked to him about his current lease with us.  Does anyone have any idea what he might be talking about?
>
> **REDACTED**
>
> Brent

Doc. No. 17-1, p. 3.

Following this deposition, plaintiffs' counsel formally requested an un-redacted copy of the email.  See Doc. No. 17-1, pp. 1-2. Plaintiffs represent that Hess's counsel responded on October 27, 2013 that defense counsel was "checking."  *Motion to Compel*, p. 2. Plaintiffs further represent that their counsel followed up by email on November 4, 2013, but received no response from defense counsel. *Id*.  Thereafter, plaintiffs filed the *Motion to Compel*, which Hess opposes.  *Memorandum of Hess Ohio Resources in Opposition to Plaintiffs' Motion to Compel*, Doc. No. 20 ("*Memo. in Opp.*").  No reply has been filed.

**II. STANDARD**

Rule 37 of the Federal Rules of Civil Procedure authorizes a

motion to compel discovery when a party fails to provide proper response to requests for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999)).

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).

Finally, a party moving to compel discovery must certify that it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Although plaintiffs have not technically complied with this prerequisite, it is clear from the parties' filings that they have reached impasse in this matter. Therefore, based on the circumstances in this particular case, the Court will nevertheless consider the merits of the *Motion to*

*Compel*.

**III. DISCUSSION**

In moving to compel the production of the requested email, plaintiffs take the position that the email heading establishes that it is not to or from counsel for any entity. *Motion to Compel*, p. 2. They also represent that Phillips' testimony did not suggest that the email is privileged. *Id*. Plaintiffs further represent that Hess has not produced a privilege log justifying the redaction. *Id*. at 2-3. "Plaintiffs suspect that this redacted portion is important to the allegations in the case. The context of the un-redacted portion leads one to believe that the redacted portion is harmful to Hess's position." *Id.* at 2.

In opposing the *Motion to Compel*, Hess repeats what it purportedly argued in an email dated November 12, 2013 to plaintiffs' counsel, which was sent after the *Motion to Compel* was filed. *Memo. in Opp.*, p. 1. Specifically, Hess takes the position that "the paragraph in question has been redacted because it relates to other landowners and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Id*. Hess offers to submit a copy of the email to the Court for *in camera* inspection. *Id.*

Hess's position is not well-taken. The uncontroverted record presently before the Court reflects that Hess produced the email in the course of discovery. Having thus shown that the email was responsive to a document request, plaintiffs have met their initial burden that the email is relevant. *See Martin*, 2006 U.S. Dist. LEXIS

4

68779, at *2. In order to properly redact any portion of this email, Hess must produce a privilege log and explain why the information is privileged from discovery. *See* Fed. R. Civ. P. 26(b)(5)(A).

The record establishes that the email is a document responsive to plaintiffs' document request. Hess does not claim that any portion of the document is privileged. The document must therefore be produced. Fed. R. Civ. P. 26(b)(1), (b)(5)(A).

**WHEREUPON**, plaintiffs' *Motion to Compel Discovery*, Doc. No. 17, is **GRANTED**. Defendant Hess Ohio Resources, LLC, is **ORDERED** to produce an un-redacted copy of the September 27, 2011 email, Deposition Exhibit Number 14 with bates stamp number HOR000137, no later than December 23, 2013.


December 19, 2013                                          *s/Norah McCann King*
                                                              Norah McCann King
                                                    United States Magistrate Judge

5